## LITTLE v. NEWTON et al.

No. 3333.

Court of Civil Appeals of Texas. El Paso.

March 5, 1936.

Rehearing Denied April 2, 1936.

John L. Dannelley, of Elgin, and Neil E. Beaton, of San Antonio, for appellant.

Paul J. Kilday and Arnold & Cozby, all of San Antonio, for appellees.

WALTHALL, Justice.

Appellant, John L. Little, brought this suit against Alfonso Newton, Jr., and his bondsmen, as sheriff of Bexar county, Tex., to recover damages alleged to have been sustained by him by reason of the levy of a writ of attachment, alleged to have been made by J. A. N. Florez, deputy sheriff, and taken into the possession of the deputy sheriff. The property levied upon is fully described and consists of an oil-well drilling machine complete with derrick and the usual machine equipment, itemized, and which property appellant alleges was never replevied, and was never delivered to him, but was converted by the sheriff to his own use, to appellant's damage as alleged, for which he sues.

Appellees answered, in effect, that the writ of attachment did issue, and that through mistake said attachment was returned by his deputy and executed by levying upon said property as indorsed thereon, but that said return was not correct and did not speak the truth, and that no property of any character was levied upon under the attachment. Appellees asked for an order of the court to correct said return to show the fact of no levy.

The facts are too voluminous to state them here. The statement of the evidence covers some 130 pages of the record.

The case was submitted to the court without a jury; the court heard the evidence, permitted a correction of the return on the attachment writ to show no levy made; the court entered judgment for appellees.

The evidence clearly shows that while the deputy sheriff went to where the property was with the attachment writ with the intention of making a levy upon the property described, the property was in the possession of appellant's son, who was using it and claimed to own the property, and under the advice of the attorney in charge of the levy of the attachment, the deputy took an inventory of the property but made no levy. None of the property was in any way interrupted. Within a day or so thereafter the property was destroyed by fire.

We think it was immaterial whether the court properly or improperly permitted the correction of the return on the attachment writ, and we need not discuss that feature of the case. If the sheriff's deputy made no levy of the attachment writ upon the property, nor exercised any authority or control at any time over the property, as the evidence shows, there could be no liability.

Appellant's propositions are overruled, and the case is affirmed.

Affirmed.